UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAY LIPPS,

        Petitioner,                Case Number: 2:13-cv-11096

v.                                         HON. NANCY G. EDMUNDS

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jimmy Ray Lipps is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. He challenges his convictions for entry without breaking, Mich. Comp. Laws § 750.111, and larceny in a building, Mich. Comp. Laws § 750.360. The Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses the habeas corpus petition without prejudice.

**I.**

Petitioner was convicted by a jury in Jackson County Circuit Court. On December 2, 2010, he was sentenced to five to twenty years in prison for his entry without breaking conviction, and five to fifteen years in prison for his larceny conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) counsel was ineffective in failing to move to suppress in-court identification;

(ii) trial judge's questioning of witnesses revealed a bias in favor of the prosecution; (iii) jurors improperly deliberated before closing arguments; (iv) prosecutor improperly elicited testimony regarding Petitioner's financial condition; (v) improper sentence; and (vi) trial judge failed to justify sentencing departure. The Michigan Court of Appeals affirmed the convictions. *People v. Lipps*, No. 302266, 2012 WL 933608 (Mich. Ct. App. March 22, 2012).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the claims raised in the Michigan Court of Appeals and these additional claims: (i) trial judge improperly invaded role of prosecutor and counsel was ineffective for failing to object; (ii) trial counsel was ineffective in failing to move to suppress photographs; and (iii) trial counsel was ineffective in failing to object when jurors discussed case prior to deliberations. The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Lipps*, 492 Mich. 867 (Sept. 4, 2012).

On March 6, 2013, Petitioner filed the pending habeas petition. He raises the claims raised in the Michigan Court of Appeals and Michigan Supreme Court.

**II.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. Petitioner raises three claims which were raised for the first time in his application for leave to appeal to the Michigan Supreme Court. A defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *See Farley v. Lafler*, 193 F. App'x 543, 549

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. Petitioner raises three claims which were raised for the first time in his application for leave to appeal to the Michigan Supreme Court. A defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *See Farley v. Lafler*, 193 F. App'x 543, 549

(6th Cir. 2006). Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Non-prejudicial dismissal of the petition is warranted under these circumstances.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the petition provided the court includes safeguards such that the dismissal will not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, March 6, 2013, until Petitioner returns to federal court. The tolling of the limitations period is conditioned upon Petitioner's "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## IV.

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

s/Kim Grimes
Acting in the absence of Carol Hemeyer,
Case Manager to Judge Edmunds
